11877

MOON v. CENTER

(130 S. E., 549)

MORTGAGES—DEFENDANT HAS BURDEN OF PROOF OF DEFENSES IN SUIT TO FORECLOSE MORTGAGE WHEREIN PLAINTIFF HOLDS EVIDENCES OF DEBT.—Where plaintiff in suit to foreclose real estate mortgage,

has possession of evidences of debt secured, defendant has burden of establishing by greater weight of evidence his defenses of no consideration, failure of consideration, past consideration, and payment.

Before ANSEL, J., County Court, Greenville, January, 1924. Affirmed.

Mortgage foreclosure suit by Gid Moon against J. A. Center. Judgment for plaintiff, and defendant appeals.

*Messrs. B. A. Morgan, John C. Henry* and *W. E. Westmoreland,* for appellant, cite: *Laches:* 106 S. C., 310; 62 S. C., 73; 43 S. C., 441; 10 R. C. L., 395, 399 and 400. *Satisfaction of mortgage to be entered:* Civ. Code, 1912, Sec. 3461.

*Mr. J. D. Lanford,* for respondent, cites: *Motion to recommit addressed to discretion of trial Judge:* 96 S. C., 139; 67 S. C., 147; 19 S. C., 600. *Laches:* Code Civ. Pro., 1922, Sec. 330; 82 S. C., 492; 71 S. C., 391. *Findings of fact of trial Judge conclusive:* 103 S. C., 308; 100 S. C., 157; 96 S. C., 146; 96 S. C., 106; 41 S. C., 546. *Legal effect of possession of note and mortgage:* 27 Cyc., 1612 and 1614.

December 8, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

We adopt the statement made in the case on appeal:

"This case was instituted to foreclose a mortgage over real estate in Greenville County, the note and mortgage alleged to have been given for $460 in 1915.

"Defendant pleaded general denial, no consideration, failure of consideration, past consideration, and payment; and a counterclaim was set up for $230 for failure to mark mortgage satisfied on record after defendant demanded same of the plaintiff. Case was referred to the master to take testimony and report his findings of law and fact. The master found in favor of the plaintiff, and recommended fore-

closure by sale of land; and, upon exceptions to his report, same was confirmed by Hon. M. F. Ansel, county judge."

The testimony is conflicting. The respondent having possession of the evidences of the debt, the burden of proof was upon the appellant to make good his defenses by the greater weight of the evidence. The master had the parties before him, and doubtless knows them. He has found against the defendant on the conflicting testimony, and the county Court has affirmed such finding.

It is difficult for this Court to say, after studying the record, just where the truth may be found. Not having been shown that the master and the county Court have erred in their conclusions, the judgment of the county Court is affirmed. *Visanska v. B. & L. Ass'n,* 41 S. C., 546, 19 S. E., 202. *Miller v. Smith,* 103 S. C., 208; 88 S. E., 354.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.