## TOWNS v. MUHLER.

### No. 2352.

Court of Civil Appeals of Texas. Waco.
May 29, 1941.

Rehearing Denied June 26, 1941.

Bishop & Parsons, of Athens, for appellant.

Carlisle & Henry and Fred T. Porter, all of Kaufman, for appellee.

HALE, Justice.

This is an action in trespass to try title. The case was submitted on documentary evidence to the court without a jury and resulted in judgment that plaintiff take nothing, from which he has appealed. Appellant's title is deraigned from a junior lien to that upon which appellee's claim is based. The foremost question presented on the appeal is whether the running of the statutes of limitation was tolled during the period of time while the enforcement of appellee's senior lien was wrongfully enjoined at the instance of a claimant under the junior lien.

It was stipulated that "the common source of title is A. B. Culbertson." On June 5, 1922, Culbertson executed two deeds of trust on the property in controversy, the first lien securing the payment of a note in the sum of $1,500 to become due on November 1, 1931, and the second lien securing a

series of ten additional interest notes to become due annually over the ten-year period. On May 6, 1924, the second lien was foreclosed and Culbertson's interest in the land was conveyed by trustee's deed to I. P. LaRue who, on July 26, 1926, conveyed the property by special warranty deed to B. B. Atkins in consideration of $150 and the assumption by the grantee of the payment of the $1,500 note described in the first lien deed of trust. On March 7, 1933, notices of sale were posted by the trustee in the first deed of trust, advertising the sale for Tuesday, April 4, 1933. On March 25, 1933, Atkins caused a writ of injunction to be issued out of the district court enjoining the trustee from proceeding further in the nonjudicial foreclosure, which injunction was immediately served and was continued in force until October 12, 1935, when it was dissolved and the injunction suit dismissed at the request of Atkins. On November 25, 1935, Atkins executed a deed to appellant purporting to convey the property to him in consideration of $1,000. On May 5, 1936, after again posting notices of sale as required by law, the trustee in the first deed of trust duly sold and conveyed the property to appellee who was and had been for fourteen years the legal and equitable holder and owner of the $1,500 note and of the first lien on the land in controversy.

■ It is contended by appellant that under the provisions of Articles 5520 and 5522 of Vernon's Ann.Tex.Civ.St., a conclusive presumption obtained on and after November 1, 1935, that the $1,500 note had been paid and consequently the trustee's sale and deed of conveyance to appellee under date of May 5, 1936, was void. While a strict and literal construction of the statutes would support the abstract proposition advanced, we think the contention has no proper application to the facts of this case for the reasons fully discussed in the opinion of this court in the case of Pioneer Bldg. & Loan Ass'n v. Johnston, Tex.Civ. App., 117 S.W.2d 556, 559, error dismissed. It was there held on a state of facts practically the same as shown by this record that the running of the statutes of limitation is tolled during the period of time while the enforcement of a lawful right is wrongfully enjoined "on the theory that the party who has obtained the injunction has, by an abuse of the process of the court, obtained an unconscionable advantage which he ought not to be permitted to enjoy." See, also, Parks v. Purnell, Tex.Civ. App., 144 S.W.2d 599. We therefore hold

that the sale and conveyance to appellee by trustee's deed under date of May 5, 1936, was not void.

■ It is next asserted that there was no evidence from which the court could infer that the indebtedness secured by the first lien deed of trust had not been paid at the time of the conveyance by Atkins to appellant on November 25, 1935. The deed of trust provided that in any conveyance given thereunder, all statements of fact or other recitals therein made as to the nonpayment of money secured, or as to any other preliminary fact or thing, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true. The trustee's deed to appellee recited that the $1,500 note described in the deed of trust had not been paid. There was no evidence tending to show that the indebtedness had been paid and, in our opinion, the evidence adduced was sufficient to support the trial court's implied finding that appellee's note had not been paid. McFarlane v. Whitney, 134 Tex. 394, 134 S.W.2d 1047; Natali v. Witthaus, 134 Tex. 513, 135 S.W.2d 969; Goode v. Davis, 135 S.W.2d 285; Cunningham v. Paschall, Tex.Civ.App., 135 S.W.2d 293; Ellis v. Michigan Realty Co., Tex.Civ.App., 138 S.W.2d 880.

■■ Appellant further urges that there was no evidence upon which the trial court could make an implied finding that he was estopped from relying upon the presumption that the $1,500 note had been paid at the time when he acquired his title on November 25, 1935. It appears that the same attorneys who represented Atkins in his injunction suit are representing appellant in this litigation and the Notary Public before whom the petition for injunction was sworn to, also took the acknowledgment of Atkins on his deed to appellant. But whether there be any evidence to support a finding of estoppel or not, we think under the circumstances in this case that since appellant's title deraigns from a junior lien to that upon which appellee's claim is based, the burden was upon appellant, before he could defeat the senior lien of appellee, to show that he was a bona fide purchaser for value without notice of the facts which tolled the running of the statutes of limitation against the enforcement of appellee's claims. T. A. Hill State Bank of Weimar v. Schindler, Tex.Civ.App., 33 S.W.2d 833, error refused. This he wholly failed to do.

Appellant alleged that on or about January 1, 1939, appellee entered upon the land and ejected him therefrom and "unlawfully withholds from him the possession thereof," but there was no evidence that appellant was ever in possession of the property, nor was there any evidence as to when or how appellee acquired her possession, or that appellant ever made any inquiry of the person in possession as to the rights under which such person claimed. There was no evidence showing or tending to show that appellant had no knowledge or notice of the pendency of the injunction suit. The mere recital in the purported deed from Atkins to appellant of a consideration for such deed was not in and of itself sufficient to show that appellant was a purchaser for value within the meaning of the applicable law. Turner v. Cochran, 94 Tex. 480, 61 S.W. 923; Farmers Mutual Royalty Syndicate v. Isaacks, Tex.Civ.App., 138 S.W.2d 228.

We are of the opinion that appellant failed to prove a superior title to that of appellee. Finding no reversible error in the case, the judgment of the trial court is affirmed.