MARY R. HINSON v. Z. V. MORGAN, RALPH BARRINGTON, J. P. GIBBONS, SR., AND THE TOWN OF HAMLET, A MUNICIPAL CORPORATION,

and

MARY R. HINSON v. DORIS BAUMRIND, HAMLET GIN & SUPPLY COMPANY, A CORPORATION, THE TOWN OF HAMLET, A MUNICIPAL CORPORATION, Z. V. MORGAN, AND THURMAN STEEN.

(Filed 17 December, 1945.)

1. **Evidence § 41—**

> In a suit attacking two deeds for want of consideration, evidence of the husband of grantee in one of the deeds attacked, that he knew all about his wife's business and knew that she did not pay anything for the deed to her, and that she did not receive anything in consideration for the other deed in which she was grantor, and that he never heard his wife say that she received or paid any money for such deeds, was properly excluded as hearsay.

2. **Taxation § 40c: Judicial Sales § 6—**

> A commissioner, appointed in a judicial proceeding to sell land, may not purchase at his own sale, even though he acts fairly. If he does, the sale is voidable, and may be set aside as of course upon proper and reasonable application of the parties interested.

3. **Deeds § 4—**

> The consideration named in a deed is presumed to be correct. And while it may be inquired into by parol evidence, such evidence must be sufficient to contradict the recital in the deed.

4. **Taxation §§ 40c, 42—**

> In an action to recover lands of plaintiff, sold in tax foreclosure proceedings, from defendants, who acquired their title from the grantee of the commissioner appointed in such proceedings, where plaintiff's evidence tended to show that the husband of grantee in the commissioner's deed knew of no consideration paid by or to his wife for the deeds to and from her, and that he and his wife conveyed to said commissioner three of the five tracts conveyed to her by the commissioner in less than a month after the date of the deed to her, both of these deeds being put on record on the same day, fifteen minutes apart, and that the costs of the proceeding and the taxes on the property involved were not paid until several months thereafter, the tax scrolls failing to indicate that the taxes on the lands

were paid in full, the judgment roll appearing regular and in compliance with the statute, G. S., 105-391, and the deed of the commissioner being in conformity with the judgment, there is insufficient evidence for the jury and judgment as in case of nonsuit was proper.

APPEAL by plaintiff from *Olive, Special Judge,* at May Civil Term, 1945, of RICHMOND.

Two civil actions instituted 17 May, 1944, to recover possession of land, and for an accounting as to, and for recovery of rents and profits of said lands.

The complaints in the two actions, while relating to separate tracts of land, are of substantially the same import. The claim of right to recover the lands is based on the same attack upon certain phases of a tax foreclosure proceeding instituted by the Town of Hamlet against Mary R. Hinson, *et al.,* Civil Issue No. 7787, under which the defendant J. P. Gibbons, Sr., claims to own in fee simple the land which is the subject of the first of these actions, and under which the defendants Doris Baumrind, Hamlet Gin & Supply Company, a corporation, and Thurman Steen claim to own in fee simple the lands which are the subject of the second of these actions. The regularity of the tax foreclosure proceeding down to and including the report of sale is not challenged by plaintiff. The proceeding relates to delinquent taxes for the years 1931 to 1934, both inclusive, and certain paving lien on the lands in question, as well as other lands listed for taxation in the name of Mary R. Hinson. It is alleged, however, in paragraph 10 of the complaint therein that the defendant therein, J. W. Lassiter, holds a deed dated 1 October, 1922, and duly recorded, from Mary R. Hinson for two tracts of land (one of which is involved in the second of present actions), and for that reason he was made a party to the proceeding. Certain lien holders were made parties to the proceeding.

Judgment of the clerk of Superior Court, in the tax foreclosure proceeding, taken *pro confesso,* found as a fact, and adjudged as lien upon lands involved the amount of taxes due the Town of Hamlet for the years covered in the complaint therein, as well as the amount and lien of paving assessment due the town, and ordered sale and appointed Z. V. Morgan commissioner to sell the lands, etc.

The report of sale by Z. V. Morgan, commissioner, appointed for the purpose in the foreclosure proceeding as shown in the record discloses that sale was made on 18 November, 1935, to H. B. Long of the lands which are the subjects of the present actions at the prices of $610 and $800, respectively, and of two other tracts at total price of $160. As to these sales plaintiff alleges that H. B. Long did not bid individually, but, being an officer of the Town of Hamlet, bid for and on behalf of the

town. Defendants, in their answers, deny this. And there is no evidence in the record to support the allegations.

The record of the tax foreclosure suit further shows that H. B. Long by written instrument dated and acknowledged 1 March, 1937, "for and in consideration of the sum of One Dollar, and other good and valuable considerations to him paid by said Willie Mae Lassiter," assigned to her his bid and all rights in connection therewith on the property of Mary R. Hinson, sold in said proceeding. Plaintiff alleges on information and belief that Willie Mae Lassiter paid no consideration for said assignment. Plaintiff further avers, also on information and belief, that Willie Mae Lassiter knew nothing whatever of said assignment, and that the assignment to her was a device and a contrivance on the part of the commissioner aforesaid, individually, to come into possession of said land. While defendants admit the assignment, they deny the further averments tending to attack it. In this connection the assignment itself is the only evidence offered by plaintiff.

The record of the foreclosure proceeding further shows that on 1 March, 1937, the clerk of Superior Court, taking cognizance of and recognizing the assignment from H. B. Long to Willie Mae Lassiter, as hereinabove stated, which had been filed and made part of the record in the cause, and finding "that the said sale was in all respects duly and properly conducted and made, and that the price offered, as aforesaid, was and is the just and reasonable and fair value of the said land," entered judgment "that the said sale be and it is hereby in all respects confirmed," and authorized and directed the commissioner (1) "upon payment of the purchase money and every part thereof" to execute and deliver to the said purchasers a deed in fee simple for said lands; (2) upon receipt of the said purchase money to pay (a) cost of action, and cost and expense of sale, (b) judgment for taxes on property described therein, if sufficient—to pay the town and county taxes on said property, but if not "then and in that event the said commissioner shall execute a deed to the purchasers, subject to the remaining taxes unpaid by the proceeds of this sale," and (c) if there be any surplus after the taxes are paid on the property, together with the other expenses above set forth, then and in that event, the same shall be paid into the office of the clerk of the Superior Court to be distributed according to law.

Thereafter, Z. V. Morgan, commissioner, purporting to act under and pursuant to the authority of the order of confirmation, as aforesaid, executed a deed, dated and acknowledged 17 May, 1937, to "Willie Mae Lassiter, her heirs and assigns" conveying all the several tracts of land to which the assignment of H. B. Long related as above stated. This deed was filed and recorded on 15 June, 1937, at 2:45 p.m.

On 14 June, 1937, Willie Mae Lassiter and her husband, J. W. Lassiter, for the recited consideration of "$1.00 and other valuable considerations" executed "a regular warranty deed" to Z. V. Morgan, individually, sufficient in form to convey a fee simple title to the part of the lands described in the commissioner's deed to Willie Mae Lassiter as above stated, which are the subject of these actions, that is, three of the five tracts. This deed was recorded on 15 June, 1937, at 3:00 p.m., in Book 231, at page 616.

Plaintiff alleges upon information and belief (1) that while the bids H. B. Long assigned to Willie Mae Lassiter totaled $1,560, Willie Mae Lassiter in fact paid to the commissioner "no sum or other consideration whatever in consideration of the execution and delivery of the deed"; (2) that while the deed from Willie Mae Lassiter and husband, J. W. Lassiter, to Z. V. Morgan "recited consideration of $1.00 and other valuable consideration," the said Z. V. Morgan "paid neither to Willie Lassiter nor to her husband any sum or other consideration whatsoever for the execution of said deed and the delivery thereof."

Defendants answering admit that Z. V. Morgan, commissioner, executed and delivered the deed to Willie Mae Lassiter, dated 17 May, 1937, and which appears of record, and that Willie Lassiter and husband, J. W. Lassiter, conveyed the same property to Z. V. Morgan, and assert the validity of both deeds, and deny all allegations in attack upon them.

The defendants plead in bar of these actions, among other things, (1) the judgment in the tax foreclosure proceeding as *res judicata;* and (2) the provision of G. S., 105-393, limiting to one year's time for contesting validity of tax foreclosure title.

Plaintiff on the trial below also offered evidence in pertinent part as follows: Plaintiff testified in chief that she at one time owned all the property described in the complaints in these suits, and detailed how she acquired title, and stated that she had "never conveyed any of that property," and is the widow of the late R. E. Hinson.

J. W. Lassiter testified in substance: That Willie Mae Lassiter and Willie Lassiter, named in the deed from the commissioner to her and from her and her husband to Z. V. Morgan, are one and the same person; that she was his wife, and she is now dead; that Mr. Morgan did not pay her anything for the execution of that deed "in my presence. I was there when the deed was signed. She did not pay him anything for the execution of the deed in my presence"; that his wife did not do anything except housework around their home; that he knows that she never inherited any money; that he never gave her any large sum of money; and that he saw her every day. Then, upon objection by defendants, testimony of the witness was excluded as follows: That he knew all about his wife's business; that he knows that she did not pay anything for the

deed the commissioner executed to her; that he knows that Z. V. Morgan did not pay her anything for the execution of her deed to him in 1937; that he never heard her say that she paid Mr. Morgan any money; and that he never heard her say that Mr. Morgan paid her any money. Exception by plaintiff. Then on cross-examination the witness testified that he is brother of plaintiff and that he is grantee in a deed from Mary R. Hinson, dated and recorded 1 October, 1932, and that the lands described therein are lands described in the deed from Willie Lassiter, his wife, to Z. V. Morgan, dated 14 June, 1937, and recorded in Book 231, at page 616, etc.

Plaintiff, after having same identified, offered in evidence the scrolls of the Town of Hamlet showing the list for taxes of Mrs. R. E. Hinson for the years 1931 to 1937, both inclusive, showing payments and dates of payments on the taxes of each year.

Plaintiff also introduced all the summonses in these actions.

At the close of plaintiff's evidence, the defendants moved for judgment as in case of nonsuit. Motions were allowed, and judgment signed. Plaintiff excepted and appeals to Supreme Court and assigns error.

*George S. Steele, Jr., for plaintiff, appellant.*
*Fred W. Bynum for appellee, J. P. Gibbons.*
*Pittman, McLeod & Webb for appellee, Town of Hamlet, et al.*
*Jones & Jones for appellee, Doris Baumrind, et al.*

WINBORNE, J. The assignments of error brought up for consideration fail to show error in the judgment below.

First: It is contended by appellant that there is error in the exclusion of the testimony of the witness J. W. Lassiter to the effect that he knew all about his wife's business and knew that she did not pay anything for the deed from the commissioner, and that Z. V. Morgan did not pay anything to her for the deed to him, and that he had never heard her say that she paid Morgan any money or that he paid her any money. It is clear that all of this evidence comes within the ban of the hearsay evidence rule. The witness was permitted to testify as to what occurred in his presence with respect to the consideration passing between the parties. Any other knowledge he had is necessarily predicated upon hearsay, and is incompetent. This disposition of the exception renders it unnecessary to consider the competency of the evidence with respect to the provisions of G. S., 8-51, relating to examination of a witness in his own behalf when other party is dead.

Second: Appellant contends in the main that there is sufficient evidence in the record to take the case to the jury on the question as to

whether the commissioner purchased at his own sale. It is a well settled principle of law that a commissioner appointed in a judicial proceeding to sell land may not purchase at his own sale, even though he acts fairly. If he does, the sale is voidable, and may be set aside as of course upon proper and reasonable application of the parties interested. Am. Jur., 31-474, Judicial Sales, section 141. *Davis v. Doggett,* 212 N. C., 589, 194 S. E., 288.

In this connection for purposes of consideration of the question raised, we may pass other questions (1) as to whether plaintiff, in her attack upon the proceeding, may maintain an independent action, or (2) whether she must proceed by motion in the cause, and (3) as to the timeliness with which she has proceeded in relation to provisions of G. S., 105-393, and consider the challenge to the presumption arising upon the regularity of the tax foreclosure proceeding.

The judgment roll in the tax foreclosure proceeding offered in evidence by plaintiff, shows upon its face that the proceeding is regular and in compliance with the statutory requirements in actions to foreclose tax liens. G. S., 105-391. And the deed from the commissioner to the purchaser upon its face purports to be in compliance with and in conformity to the provisions of the judgment in the tax foreclosure proceeding by which the sale to purchaser was confirmed.

The consideration named in a deed is presumed to be correct. *Faust v. Faust,* 144 N. C., 383, 57 S. E., 22. *Ex Parte Barefoot,* 201 N. C., 393, 160 S. E., 365. And while the consideration may be inquired into by parol evidence, we find no sufficient evidence to contradict the recital. However, plaintiff points to these circumstances to raise a reasonable inference that Willie Mae Lassiter, the assignee of the purchaser at the commissioner's sale, did not pay to the commissioner the $1,560.00, the total amount of the bids for the several tracts of land sold and assigned to her: 1st: The testimony of the husband of Willie Mae Lassiter bearing upon her ability to pay, as he understood it. 2nd: The fact that Willie Mae Lassiter and husband conveyed to Z. V. Morgan three of the five tracts conveyed to her by Z. V. Morgan, commissioner, in less than a month after the date of the deed to her, both of which deeds were filed for registration on the same day, fifteen minutes apart. 3rd: The costs were not paid until 20 September, 1937, and none of the taxes involved were paid until 31 August, 1937. And 4th: The tax scrolls offered in evidence by plaintiff fail to indicate that the full amount of the taxes were paid. All these combined amount to no more than a suspicion, if they rise to that dignity. They rest in speculation. Court proceedings, and deed pursuant thereto, may not be upset on evidence of such character.

Other questions debated in briefs filed need not be considered.
The judgment below is
Affirmed.