STATE OF NORTH CAROLINA v. JUDY BARRETT NEWTON

No. 7427SC95

(Filed 1 May 1974)

1. Criminal Law § 31; Narcotics § 2— Desoxyn and methamphetamine — same substance — judicial notice

 It was proper for the trial judge to take notice that Desoxyn, which defendant was charged with possessing with intent to distribute, is the trade name for methamphetamine hydrochloride, a drug classed as a controlled substance by G.S. 90-91; therefore, there was no variance between the indictment which charged possession of Desoxyn and the proof which tended to show that defendant possessed methamphetamine.

2. Narcotics § 1; Health § 2— methamphetamine — reclassification by State Board of Health — simple possession as felony

 Since the N. C. State Board of Health on 23 March 1972, acting pursuant to G.S. 90-88, rescheduled methamphetamine from Schedule III

to Schedule II of the Controlled Substances Act, defendant's possession of methamphetamine with intent to distribute on 10 February 1973 constituted a felony, and defendant's sentence of imprisonment for not less than three nor more than five years upon conviction of the lesser included offense of possession of methamphetamine was proper.

APPEAL by defendant from *Friday, Judge,* 4 June 1973 Session of Superior Court held in Gaston County. Argued in the Court of Appeals 19 March 1974.

In case number 73CR3234, defendant was charged in a bill of indictment with possession of, with intent to distribute, "Desoxyn, being controlled substance set forth in Schedule II of the North Carolina Controlled Substances Act." In this case, she was convicted of the lesser included offense of possession of the controlled substance. She was sentenced to a term of imprisonment of not less than 3 nor more than 5 years.

In case number 73CR3233, defendant was charged in a bill of indictment with possession of, with intent to distribute, more than 25 tablets of a controlled substance, "Desoxyn in a container other than original container in which said substance was sold." This prosecution was under G.S. 90-95(a)(1) and the definition of manufacture contained in G.S. 90-87(15). Defendant was found guilty of possession of a controlled substance in a container other than the original container in which the substance was sold. In this case, an order was entered that prayer for judgment be continued. No final judgment was entered and defendant does not undertake to appeal in case number 73CR3233.

Defendant has perfected her appeal in case number 73CR3234.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*Daniel J. Walton for the defendant.*

BROCK, Chief Judge.

[1] Defendant argues that she was entitled to a nonsuit because there was a fatal variance between the charge and the proof. The bill of indictment charged defendant with possession of "Desoxyn." The evidence tended to establish that she possessed methamphetamine. Because there was no evidence offered at trial to establish that "Desoxyn" contained methamphetamine,

defendant argues that the State failed to prove the charge contained in the bill of indictment.

The trial judge instructed the jury that Desoxyn and methamphetamine were the same thing. Defendant assigns this instruction as error on the ground that there is no evidence offered at trial to support the instruction.

Chapter 919 of the 1971 Session Laws, codified as G.S. 90-91, classed methamphetamine as a controlled substance. Desoxyn does not appear by name as a controlled substance under the North Carolina Controlled Substances Act. However, our courts are not required to be ignorant of a fact which is generally and reliably established merely because evidence of the fact is not offered. The Courts will take judicial notice of subjects and facts of general knowledge, and also of facts in the field of any particular science which are capable of demonstration by resort to readily accessible sources of indisputable accuracy, and judges may inform themselves as to such facts by reference to standard works on the subject. 3 Strong, N. C. Index 2d, Evidence, § 3, p. 596. Each of the Schedules of the Controlled Substances Act provides that it "includes the controlled substance listed or to be listed by whatever official name, common or usual name, chemical name, or trade name designated." We take notice that Desoxyn is a trade name used by Abbott Laboratories, North Chicago, Illnois, for methamphetamine hydrochloride. In a like manner, it was proper for the trial judge to take such notice and to instruct the jury that Desoxyn and methamphetamine are the same thing. Because Desoxyn and methamphetamine are the same thing, there was no variance between the charge in the bill of indictment and the proof. It was made clear by the defendant's own testimony that she knew the tablets were drugs. These assignments of error are overruled.

[2]   Defendant assigns as error the entry of the judgment in this case and moves in arrest thereof on the grounds that methamphetamine was listed under Schedule III of the Controlled Substances Act at the time of her alleged offense on 10 February 1973. She argues that she was convicted of possession with intent to distribute and that simple possession of a Schedule III substance constitutes a misdemeanor, but that judgment was entered imposing punishment for a felony.

The Controlled Substances Act as enacted in 1971 listed methamphetamine under Schedule III (G.S. 90-91(a)(3)). The

same enactment provided in G.S. 90-95 (a) (3) that it was unlawful to possess a controlled substance, and in G.S. 90-95 (d) that any person who violates G.S. 90-95 (a) (3) with respect to a controlled substance included in Schedule III, for the first offense, shall be guilty of a misdemeanor. At the same time, G.S. 90-95 (c) provided that simple possession of a substance included in Schedule II constituted a felony. However, G.S. 90-88 granted to the North Carolina State Board of Health (now under the North Carolina Commission for Health Services) authority, under the guides set forth in the statute, to add, delete, or reschedule substances within Schedules I through VI of the Controlled Substances Act. The State Board of Health, on 23 March 1972, acting under authority of G.S. 90-88, rescheduled methamphetamine from Schedule III to Schedule II. This was almost a year prior to the offense alleged against defendant. This assignment of error is overruled and the motion in arrest of judgment is denied.

No error.

Judges PARKER and BALEY concur.