## 22045

In the Matter of HARRY C., a Minor Under the Age of Seventeen Years, Appellant.

(313 S. E. (2d) 287)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Carolyn M. Adams*, Columbia and *Sol. William B. Traxler, Jr.*, Greenville, *for respondent.*

Feb. 21, 1984.

NESS, Justice:

Appellant, Harry C., a fifteen year old minor, was convicted of housebreaking and the intentional inhalation of aromatic hydrocarbons and committed to the Department of Youth Services until he reached the age of twenty-one or was otherwise released by authority of the Department. We affirm.

Appellant contends the trial judge erred in denying his motion for directed verdict of acquittal on the housebreaking charge, claiming there was no evidence of a breaking. We disagree.

On August 6, 1982, appellant accompanied Tommy Wayne Castell to a temporarily vacant house, where the two proceeded to get "high" from inhaling tidy oil fumes. Castell testified that they entered the house through the rear door, which was slightly ajar.

"A breaking essential to constitute the crime of [housebreaking], may be any act of physical force, however slight, whereby any obstruction to entering is forcibly removed. It does not require violent or mechanical force to constitute a ... breaking." *State v. Clamp*, 225 S. C. 89, 99, 80 S. E. (2d) 918, 922 (1954). At trial, Castell testified that although the door was "propped open," he had to push it to create an opening wide enough to gain entry to the house. We find this action constitutes a breaking under the *Clamp* rule, and hold that the trial judge properly denied appellant's motion for directed verdict on the housebreaking charge.

Appellant also claims the trial court erroneously took judicial notice that tidy oil, the substance inhaled, contained aromatic hydrocarbons. We disagree.

" 'Judicial notice' takes the place of proof. It simply means that the court will admit into evidence and consider, without proof of the facts, matters of common and general knowledge." *Moss v. Aetna Life Insurance Company*, 267 S. C. 370, 228 S. E. (2d) 108, 112 (1976).

We adopt the holding of *State v. Newton*, 21 N. C. App. 384, 204 S. E. (2d) 724, 725 (1974), where the North Carolina Court of Appeals stated:

"[O]ur courts are not required to be ignorant of a fact which is generally and reliably established merely be-

cause evidence of the fact is not offered. The Courts will take judicial notice of subjects and facts of general knowledge, and also of facts in the field of any particular science which are capable of demonstration by resort to readily accessible sources of indisputable accuracy, and judges may inform themselves as to such facts by reference to standard works on the subject."

We hold the trial court properly took judicial notice, as there are numerous indisputable sources from which he could have discovered that tidy oil, a solvent used in the textile industry, contained aromatic hydrocarbons, and was therefore within the purview of S. C. Code Ann. § 44-53-1110 (1976) of the Aromatic Hydrocarbon Act.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.