0286

E. L. MASTERS, Sr., d/b/a R. F. Masters & Sons, Respondent, v. RODGERS DEVELOPMENT GROUP, S. C., Inc., Malcolm Stevenson, and First Federal Savings & Loan Association, Defendants, of whom Malcolm Stevenson, is Appellant.

Appeal of Malcolm STEVENSON.

(321 S. E. (2d) 194)

Court of Appeals

*Thomas G. Buist* and *Hugh M. Hadden*, of *Furman, Jenkins & Buist*, Charleston, *for appellant.*

*Nowell S. Lesser*, Charleston, *for respondent.*

Heard March 21, 1984.

Decided Sept. 26, 1984.

BELL, Judge:

E. L. Masters, Sr., brought this suit to foreclose a mechanic's lien against real property on Kiawah Island. Malcolm Stevenson, the record owner of the property at the time Masters commenced the action, was duly served with the summons, complaint, notice of *lis pendens*, and notice of mechanic's lien. When Stevenson filed no responsive pleading, a judgment of default was entered against him. Thereafter, Stevenson moved to dismiss the action for failure to state facts sufficient to constitute a cause of action. After a reference, the circuit court entered its order confirming the

master's findings of fact, denying the motion to dismiss, and ordering the property sold to satisfy the lien. From the order of sale Stevenson appeals. We affirm.

The facts are substantially undisputed. Masters is a plumbing contractor. Under a contract with Rodgers Development Group dated September 20, 1977, Masters installed plumbing on the Kiawah property. At the time the contract was made, Rodgers was the record owner of the property. By a deed dated October 12, 1977, Rodgers conveyed the property to Stevenson. This deed was filed for record on October 13, 1977, in the office of the Register for Mesne Conveyances of Charleston County. Masters performed his last work on the property on October 18, 1977. After completing the work, Masters made demand on Rodgers for payment of an unpaid balance of $1,800 for labor and materials furnished under the contract. Rodgers refused to make payment. On December 15, 1977, and within ninety days of last furnishing labor and materials on the property, Masters filed a notice of mechanic's lien pursuant to Section 29-5-90, Code of Laws of South Carolina, 1976. Thereafter, this action to foreclose the lien was timely commenced pursuant to Code Section 29-5-120.

Stevenson concedes that Masters complied with the statutory requirements to perfect and to foreclose a mechanic's lien. His motion to dismiss rests solely on Code Section 30-7-10, which provides in pertinent part:

> ... all statutory liens on buildings and lands for materials or labor furnished on them ... shall be valid so as to affect the rights of subsequent ... purchasers for valuable consideration without notice only from the day and hour when they are recorded in the office of the register of mesne conveyances or clerk of court of the county in which the property affected is situated. ... But in case of a subsequent purchaser of real estate ... for valuable consideration without notice, the instrument evidencing such subsequent conveyance ... must be filed for record in order for its holder to claim under this section as a subsequent ... purchaser for value without notice, and the priority shall be determined by the time of filing for record.

Stevenson contends Master's mechanic's lien is not valid against him, because it was filed for record after he recorded his deed from Rodgers.

The circuit court concluded that the issue raised by the motion to dismiss was in the nature of an affirmative defense. The court held Stevenson waived his right to assert the defense by his failure to answer or demur to the complaint. Therefore, the court did not reach the merits of the issue.

Stevenson claims his failure to answer or demur was irrelevant to a consideration of the issue raised by the motion to dismiss. He concedes that by his default he admitted the facts well pleaded in the complaint; but he asserts the facts pleaded must be sufficient to form a legal basis for judgment by default or else the judgment should be reversed on appeal. He contends that if the complaint shows he was a subsequent purchaser for value without notice within the meaning of Section 30-7-10, then the lien could not affect him.

> We agree that Stevenson's default did not preclude him
> ■ from challenging the sufficiency of the complaint as a
> basis for judgment.

> A party seeking a default judgment is entitled to only such relief as is framed by his pleading. . . . It follows that if a complaint fails to state a cause of action, the rendering of a default judgment thereon is without authority of law and therefore reversible error.

*Mutual Savings & Loan Association v. McKenzie*, 274 S. C. 630, 632, 266 S. E. (2d) 423, 424 (1980). An objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a default. *Gadsden v. Home Fertilizer & Chemical Co.*, 89 S. C. 483, 72 S. E. 15 (1911).

> Looking to the well pleaded factual allegations of the
> ■ complaint, we find that Stevenson did file his deed for
> record some two months before Masters filed his notice
of mechanic's lien. There are no allegations from which it can be inferred that Stevenson had actual notice of the lien when he took title to the property. However, lack of notice alone is not enough to bring Stevenson within the ambit of Section 30-7-10. He must also be a purchaser for "Valuable consideration" to claim the protection of the statute. Nothing on the face of the complaint discloses that Stevenson purchased for

value from Rodgers. Thus, the circuit judge was correct in denying the motion to dismiss the complaint.

During oral argument, counsel for Stevenson represented to this Court that the deed from Rodgers to Stevenson recites a valuable consideration. But the deed was not incorporated into the complaint nor is it otherwise a part of the record before us. We are, of course, confined to the record in reviewing a judgment for error. *South Carolina State Highway Department v. Meredith*, 241 S. C. 306, 128 S. E. (2d) 179 (1962).

Counsel also requested us to take appellate judicial notice of the contents of the deed, since it is recorded in Charleston County. For a fact to be subject to judicial notice, it must be so notorious that the court may properly assume its existence without proof. *Moss v. Aetna Life Insurance Co.*, 267 S. C. 370, 228 S. E. (2d) 108 (1976); *State v. Broad River Power Co.*, 177 S. C. 240, 181 S. E. 41 (1935). Unless the fact is either of such common or general knowledge that it is accepted by the public without qualification or contention, or its accuracy is capable of verification by reference to readily available sources of indisputable reliability, it is not subject to judicial notice.[1] *Moss v. Aetna Life Insurance Co., supra; In the Matter of Harry C.*, 280 S. C. 308, 313 S. E. (2d) 287 (1984) (*citing State v. Newton*, 21 N. C. App. 384, 204 S. E. (2d) 724 (1974)).

Judicial notice takes the place of proof. *Moss v. Aetna Life Insurance Co., supra.* For this reason, judicial notice following a default judgment is more strictly circumscribed than in other cases. In *Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679 (S.D.N.Y. 1969), *modified,* 449 F. (2d) 51 (2d Cir. 1971), *rev'd. on other grounds,* 409 U. S. 363, 93 S. Ct. 647, 34 L. Ed. (2d) 577 (1973), a default judgment was granted to the plaintiff in an antitrust action against Howard R. Hughes and others. The defendants contended that alle-

---

[1] Much scholarly debate has focused on the "disputable-indisputable" dichotomy. The traditional thinking favors notice of disputable facts, while giving the parties an opportunity to rebut the matter's reliability. The modern trend is to limit judicial notice to "indisputables"—matters of common knowledge or matters capable of certain verification. For a more thorough analysis of this debate, see Comment, *The Presently Expanding Concept of Judicial Notice*, 13 Vill. L. Rev. 528 (1968); Note, *Judicial Notice After Default: A Semantical Maze*, 37 J. Air L. & Commerce 109, 111-13 (1971).

gations in the complaint were contrary to certain information contained in the files of a government agency, and that this information should be judicially noticed so as to defeat plaintiff's cause of action. The court refused, holding that only indisputable matters could be noticed after a default. Since the government agency's report was merely rebuttable evidence, for the court to receive it by way of judicial notice would allow Hughes to litigate the issue of liability after he had been found in default. *Id.*

*Hughes* suggests a trial court should decline to take judicial notice of disputable facts after a default. In the case at bar, we deal with the question at one further remove, since Stevenson is requesting an appellate court, not a trial court, to notice a fact which arguably would relieve him of liability after default.

Appellate courts are generally reluctant to notice adjudicative facts even when those facts may be absolutely reliable. *See United States v. Jones*, 580 F. (2d) 219 (6th Cir. 1978) (applying Fed. R. Evid. 201); Turner, *Judicial Notice and Federal Rule of Evidence 201—A Rule Ready For Change*, 45 U. Pitt. L. Rev. 181, 196 (1983). Notice of "facts" for the first time on appeal may deny the adverse party the opportunity to contest the matters noticed; it may also violate the general principle that appellate review should be limited to the record. Comment, *The Presently Expanding Concept of Judicial Notice*, 13 Vill. L. Rev. 528, 560 (1968); Morgan, *Judicial Notice*, 57 Harv. L. Rev. 269, 293 (1944). Finally, appellate courts, limited to the "cold" record, cannot be as sensitive to the appropriateness of judicial notice as the trial judge. Turner, *supra* at 196. For the foregoing reasons we hold that original judicial notice of adjudicative facts at the appellate level should be limited to matters which are indisputable.

The recitals in Stevenson's deed do not constitute "indisputable matter" subject to judicial notice in this Court. Whether Stevenson paid valuable consideration is not "common or general knowledge." *Moss v. Aetna Life Insurance Co., supra; see also Spartanburg Sanitary Sewer Dist. v. City of Spartanburg*, Opinion No. 22159, S. C., _____ S. E. (2d) _____ (S. C. filed Aug. 21, 1984), n. 1. While the existence of recitals in the deed may be verified by resort to

the public records, mere recitals in a deed do not establish, as against strangers, facts recited there. *Sledge v. Miller,* 249 N. C. 447, 106 S. E. (2d) 868 (1959). The recitals would not be conclusive of whether Stevenson was a purchaser for value. *Towns v. Muhler,* 152 S. W. (2d) 866 (Tex. Civ. App. 1941).

If a court were to take judicial notice of a recital of consideration in the deed, it would also be obliged to give Masters the opportunity to contradict it. *See Spencer v. Bedford,* 35 S. C. L. (4 Strob.) 96 (1849); *Hinson v, Morgan,* 225 N. C. 740, 36 S. E. (2d) 266 (1945); *Oates v. Oates,* 127 W. Va. 469, 33 S. E. (2d) 457 (1945). This would effectively reopen the default judgment for the purpose matters outside the scope of the pleadings. We think it particularly inappropriate to allow Stevenson to introduce evidence through the back door of judicial notice, when he has conceded the factual allegations of the complaint by default and those allegations entitle Masters to relief.

Affirmed.

SANDERS, C. J., and SHAW, J., concur.