0311

Andrew H. SANDERS and Robert E. Scott, d/b/a S & S Farm Supply, Respondents, v. Willie SALLEY and the Administrator of the Small Business Administration, agent for the United States of America, of whom Willie Salley is Appellant.

Appeal of Willie SALLEY

(322 S. E. (2d) 829)

Court of Appeals

*Richard E. Miley*, of North Augusta, and *Franklin D. Beattie, Jr.*, Aiken, *for appellant.*

*Richard J. Breibart*, Lexington, and *Barry Johnson*, Aiken, *for respondents.*

Heard Sept. 19, 1984.

Decided Nov. 7, 1984.

BELL, Judge:

S & S Farm Supply commenced this action to foreclose a mortgage on property owned by Willie Salley. Salley raised the affirmative defense of usury. The circuit court entered judgment for S & S and ordered foreclosure. Salley appeals. We affirm.

The primary issue on appeal is whether the mortgage held by S & S was a first mortgage at the time it was executed. If it was, Salley's usury defense fails because of the higher interest rate permitted on first mortgages; if it was not, the usury defense is good.

The underlying facts are substantially undisputed. Salley, a farmer, purchased fertilizer on credit from S & S, a partnership in which Sanders and Scott are partners. To secure these credit sales, S & S took a second and third mortgage on Salley's farm and obtained assignment of a preexisting mortgage from a third party, M. H. Warner & Sons, Inc. S & S satisfied Salley's indebtedness to Warner in return for assignment of the mortgage. The Warner mortgage was executed on February 18, 1976. It is the mortgage at issue in this case.

When Salley defaulted on the debt, S & S sought to foreclose its mortgages. The matter was referred to the master in equity, who took evidence and issued his report. The only mortgages introduced into evidence were the Warner mortgage and two subsequent mortgages. The master found the Warner mortgage was a first mortgage, but, for reasons not relevant to this appeal, held the note which it secured was usurious. The circuit court confirmed the finding that the

Warner mortgage was a first mortgage, but held the note was not usurious. Judgment was entered for S & S.

After the circuit court entered the order of foreclosure, Salley's attorneys discovered on record at the courthouse a mortgage on the same property dated April 10, 1974, from Salley to American Cyanimid Company. Satisfaction of the American Cyanimid mortgage was recorded on November 29, 1976, some nine months after the Warner mortgage was executed. Salley moved before the circuit court to include the American Cyanimid mortgage in the record on appeal. The circuit court settled the record excluding the American Cyanimid mortgage. Salley duly appealed the order settling the record.

For the first time on appeal, Sally argues the existence of the American Cyanimid mortgage conclusively establishes the Warner mortgage was not a first mortgage. He acknowledges, however, that the American Cyanimid mortage was not in evidence before the master or the circuit court.

This Court does not sit as a trial court to receive evidence on disputed issues of fact; our function is to review the judgment of the circuit court for reversible error based on the issues and evidence presented to that court. Section 14-8-200, Code of Laws of South Carolina, 1976, as amended ("The jurisdiction of the Court [of Appeals] shall be appellate only. . . ."); *see Mackey v. Kerr-McGee Chemical Co.*, 280 S. C. 265, 312 S. E. (2d) 565 (S. C. App. 1984). We hold that the master and the circuit court were correct, given the evidence before them, in finding the Warner mortgage was a first mortgage at the time it was executed. Since Salley maintains the Warner mortgage was not a first mortgage, he had the burden of proving it was subordinate to another mortgage. *See Moon v. Center*, 133 S. C. 51, 130 S. E. 549 (1925) (when plaintiff in foreclosure action shows evidence of debt, burden is on defendant to prove defenses.)

Salley contends this Court can and should take appellate judicial notice of the American Cyanimid mortgage because it is a matter of public record in Aiken County. For the reasons more fully stated in *Masters v. Stevenson*, 321 S. E. (2d) 194 (S. C. App. 1984), the mortgage is not subject to appellate judicial notice. Recitals on the face of the mortgage concerning the date satisfaction was recorded do not constitute indisputable proof of the date the underlying

debt was discharged. *Cf. Burke v. Burke*, 141 S. C. 1, 139 S. E. 209 (1927) (presumption of delivery of deed from recording may be overcome by evidence clearly establishing inconsistent circumstances); *Young v. Pitts*, 155 S. C. 414, 152 S. E. 640 (1930) (mortgagee may show record satisfaction entered by mistake); *Taylor v. Godfrey*, 62 W. Va. 677, 59 S. E. 631 (1907) (record cancellation of mortgage only prima facie evidence, underlying circumstances may be proved to show error or mistake). It is not only conceivable, but also likely, the debt was paid on a day other than the day satisfaction was recorded. Were we to take judicial notice of recitals in the mortgage, we would be receiving evidence of disputable reliability which S & S has had no chance to rebut. We would thereby deny S & S the opportunity to contest the matter noticed and would also violate the principle that appellate review should be limited to the record in the trial court.

Accordingly, the exceptions are overruled and the judgment of the circuit court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.