Chief Justice TOAL:
While I concur in the result reached by the majority, I write separately because I disagree that the trial judge’s decision to take judicial notice of Appellant’s birthdate was an error of law.
At trial, the State provided the judge with certified DMV records indicating Appellant’s date of birth, but did not for *270 mally seek to enter the DMV records into evidence. The trial judge then instructed the jury:
[L]adies and gentlemen of the jury, I have taken judicial notice of a fact. That means that you are not allowed to debate whether or not it’s true or accurate. I charge you that you must find as conclusive the fact that [Appellant’s] date of birth is June 22, 1973. That’s June 22, 1973, and you shall not and you are not allowed to debate that. You must accept that as a conclusive fact.
Rule 201, SCRE, governing judicial notice, provides:
(a) Scope of Rule. This rule governs only judicial notice of adjudicative facts.
(b) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
(c) When Discretionary. A court may take judicial notice, whether requested or not.
(d) When Mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.
(e) Opportunity to Be Heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
(f) Time of Taking Notice. Judicial notice may be taken at any stage of the proceeding.
(g) Instructing Jury. The court shall instruct the jury to accept as conclusive any fact judicially noticed.
‘“A trial court may take judicial notice of a fact only if sufficient notoriety attaches to the fact involved as to make it proper to assume its existence without proof.’ ” Bowers v. Bowers, 349 S.C. 85, 94, 561 S.E.2d 610, 615 (Ct.App.2002) (quoting Eadie v. H.A. Sack Co., 322 S.C. 164, 171-72, 470 S.E.2d 397, 401 (Ct.App.1996)); see also Moss v. Aetna Life Ins. Co., 267 S.C. 370, 377, 228 S.E.2d 108, 112 (1976) (“ ‘Judi *271 cial notice’ takes the place of proof. It simply means that the court will admit into evidence and consider, without proof of the facts, matters of common and general knowledge.”). This is because “ ‘courts are not required to be ignorant of a fact which is generally and reliably established merely because evidence of the fact is not offered.’ ” In re Harry C., 280 S.C. 308, 309-10, 313 S.E.2d 287, 288 (1984) (quoting State v. Newton, 21 N.C.App. 384, 204 S.E.2d 724, 725 (1974)). Rather, courts “ ‘will take judicial notice of subjects and facts of general knowledge, and also of facts in the field of any particular science which are capable of demonstration by resort to readily accessible sources of indisputable accuracy, and judges may inform themselves as to such facts by reference to standard works on the subject.’ ” Id. (quoting Newton, 204 S.E.2d at 725).
The offense of criminal solicitation of a minor occurs where:
A person eighteen years of age or older ... knowingly contacts or communicates with, or attempts to contact or communicate with, a person who is under the age of eighteen, or a person reasonably believed to be under the age of eighteen, for the purpose of or with the intent of persuading, inducing, enticing, or coercing the person to engage or participate in a sexual activity as defined in Section 16 — 15— 375(5) or a violent crime as defined in Section 16-1-60, or with the intent to perform a sexual activity in the presence of the person under the age of eighteen, or person reasonably believed to be under the age of eighteen.
S.C.Code Ann. § 16-15-342(A) (Supp.2013). Thus, the element of the crime related to age is whether the accused is eighteen years of age or older. See id.
Because the trial judge took judicial notice of Appellant’s date of birth, I disagree with the majority’s characterization of the trial judge’s action in this case as taking judicial notice of an “element” of the offense. While I concede that the taking of judicial notice of Appellant’s birth date likely resulted in the foregone conclusion that Appellant was over the age of eighteen, the fact that the trial judge did not directly instruct the jury to find Appellant “over the age of eighteen” is a notable, albeit technical, distinction. As stated previously, a fact properly judicially noticed is any fact “not subject to reasonable *272 dispute in that it is either ... generally known within the territorial jurisdiction of the trial court or ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” Rule 201(b), SCRE. In my opinion, the DMV records containing Appellant’s date of birth fall within this definition. Cf. Martin v. Bay, 400 S.C. 140, 153, 732 S.E.2d 667, 674 (Ct.App.2012) (finding the Master erred in taking judicial notice of a fact based on his “personal knowledge” because the fact was not “one of common knowledge accepted by the general public without qualification or contention”).
Moreover, even though the result of the taking of judicial notice of Appellant’s birth date is that Appellant’s age was almost conclusively established, by providing the jury with Appellant’s birth date, the jury still had to take the additional step of applying this fact to establish the element of the crime. In this respect, taking judicial notice of Appellant’s date of birth is no different from taking judicial notice of the time of sunset in a burglary case, in which one of the elements of the crime is that the robbery must occur at nighttime.[9] In either case, the jury is provided with an indisputable fact — Appellant’s birthdate, or the time of sunset — which it must then use to determine whether the State has established an element of the crime — whether Appellant was over eighteen when engaging in sexually explicit conversations with a minor, or whether the robbery occurred at night. These examples illustrate the critical distinction — ignored by the majority — between taking judicial notice of an adjudicative fact, and taking judicial notice of an element of the crime. In my opinion, the majority’s reasoning will lead to unnecessary challenges whenever a judge takes judicial notice, because the fact noticed almost always corroborates an element of the offense.
*273 Accordingly, I would affirm the trial judge’s decision to take judicial notice of Appellant’s date of birth.

. See, e.g., James v. State, 546 S.W.2d 306, 310 (Tex.Crim.App.1977) (recognizing that a court may "take judicial notice of the time the sun rose and set on the day of a burglary for purposes of determining if such burglary was committed in the ‘daytime’ ” (citation omitted)); cf. Toole v. Salter, 249 S.C. 354, 362, 154 S.E.2d 434, 437 (1967) (finding that where the relevant statute provided that a parked vehicle must display lights one-half hour after sunset, the trial court committed prejudicial error in failing to take judicial notice of the time of sunset on the day of the collision).