22748

John P. GARDNER, Sr. and John P. Gardner, Jr., and Harriet G. Watson, individually and as Guardians ad Litem for Anna Elizabeth Watson and Bryant Pickens Gardner, minors under the age of fourteen (14) years, Respondents v. Margaret Johnson MOZINGO and Thomas Alladin Mozingo, Appellants.

(358 S. E. (2d) 390)

Supreme Court

*E. N. Zeigler,* Florence, and *Belton T. Zeigler,* Columbia, *for appellants.*

*Robert L. Kilgo,* and *John P. Gardner, Jr.,* Darlington, *David Beasley,* Hartsville, and *James B. Richardson, Jr.,* Columbia, *for respondents.*

Heard April 21, 1987.

Decided July 6, 1987.

*Per curiam.*

In this boundary line dispute, the trial judge granted summary judgment in favor of respondents Gardner. We affirm.

In 1969, the late State Senator James Mozingo, III purchased a piece of property adjacent to his law office in Darlington. The deed designated the southern boundary of the property as "the present remains of the Park Terrace Hotel." A few months later, Gardner puchased the tract of land which bounded on the south of Mozingo's land. Gardner's deed excepted from the conveyance "the portion of the northern boundary of the above tract heretofore conveyed to James P. Mozingo, III." The basis of this dispute is the uncertainty of the north-south boundary line between Gardner's and Mozingo's parcels.

The Gardners brought this action seeking to enjoin the heirs of Senator Mozingo from claiming the disputed land and to quiet title to the disputed property. The Mozingos answered asserting the deed they held conveyed the disputed area to them or, alternatively, the Gardners had acquiesced in the Mozingos' ownership of the land or the Mozingos had acquired title to the land by adverse possession.

The trial judge granted summary judgment in favor of the Gardners. He held the deed was not ambiguous and conveyed only an eighteen (18) foot strip of land to the Mozingos. He further found no evidence of acquiescense or adverse possession and therefore ordered title to the disputed property be quieted on behalf of the Gardners and enjoined the Mozingos from interfering with the Gardners' ownership of the property.

Summary judgment may be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP.

The Mozingos argue summary judgment was improper because there were disputed issues of fact as to what the parties intended by the deed. In construing a deed, the intention of the grantor must be ascertained and effectuated unless that intention contravenes some well-settled rule of law or public policy. *Wayburn v. Smith*, 270 S. C. 38, 239 S. E. (2d) 890 (1977). In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law. *Id.* The intention of the grantor must be found within the four corners of the deed. *Sims v. Clayton*, 193 S. C. 98, 7 S. E. (2d) 724 (1940).

The construction of a clear and unambiguous deed is a question of law for the court. *Hammond v. Lindsay*, 277 S. C. 182, 284 S. E. (2d) 581 (1981). The terms of an unambiguous deed may not be varied or contradicted by evidence drawn from sources other than the deed itself. *Smith v. DuRant*, 236 S. C. 80, 113 S. E. (2d) 349 (1960). When intention is not expressed accurately in the deed evidence *aliunde* may be admitted to supply or explain it. The instrument is not thereby varied or contradicted but is explained or corrected. *Id.*

The deed is not ambiguous on its face. It only becomes ambiguous when extrinsic evidence is considered. Therefore, the question of the grantor's intent was one of law for the court and the trial judge's construction of the deed on the motion for summary judgment was not error.

The Mozingos next argue summary judgment was not appropriate because there was a disputed issue of fact as to the Gardners' acquiescence in the Mozingos' ownership.

If adjoining landowners occupy their respective premises up to a certain line, which they mutually recognize and acquiesce in for a long period of time, they are precluded from claiming the boundary line thus recognized and acquisced in is not the true one. *Klapman v. Hook*, 200 S. C. 51, 32 S. E. (2d) 882 (1945); *Kirkland v. Gross*, 286 S. C. 193, 332 S. E. (2d) 546 (Ct. App. 1985). The evidence upon which the Mozingos rely to establish acquiescence shows only that the Gardners realized there was a conflict as to ownership. There is no evidence the Gardners recognized the Mozingos' ownership of the property. Summary judgment on this issue was proper.

The Mozingos' final argument, that summary judgment was not appropriate on the adverse possession issue, is likewise without merit. Ordinarily, adverse possession is a question of fact for the jury and it becomes a question of law only when the evidence is undisputed and susceptible of but one inference. *Mullis v. Winchester*, 237 S. C. 487, 118 S. E. (2d) 61 (1961). The evidence of adverse possession was insufficient to raise a dispute as to any issue of fact and summary judgment was appropriate.

The remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. The order of the trial judge is

Affirmed.