**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KENISHA BRANTLEY; GREG BRANTLEY,
on behalf of themselves and all
others similarly situated,
　　　　　　　*Plaintiffs-Appellees,*

v.

REPUBLIC MORTGAGE INSURANCE
COMPANY,
　　　　　　　*Defendant-Appellant.*

No. 05-1047

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-04-805-2-23)

Argued: May 24, 2005

Decided: September 28, 2005

Before WIDENER and MOTZ, Circuit Judges,
and Robert E. PAYNE, United States District Judge
for the Eastern District of Virginia,
sitting by designation.

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Judge Motz and Judge Payne concurred.

## COUNSEL

**ARGUED:** Benjamin Rush Smith, III, NELSON, MULLINS, RILEY
& SCARBOROUGH, Columbia, South Carolina, for Appellant.

Kathleen Clark Knight, JAMES, HOYER, NEWCOMER & SMIL-
JANICH, P.A., Tampa, Florida, for Appellees. **ON BRIEF:** Thade-
ous H. Westbrook, III, NELSON, MULLINS, RILEY &
SCARBOROUGH, Columbia, South Carolina; William L. Kirkman,
BOURLAND, KIRKMAN, SEIDLER, JAY & MICHEL, L.L.P., Fort
Worth, Texas, for Appellant. Terry A. Smiljanich, JAMES, HOYER,
NEWCOMER & SMILJANICH, P.A., Tampa, Florida; T. English
McCutchen, William E. Hopkins, Jr., MCCUTCHEN, BLANTON,
JOHNSON & BARNETTE, Columbia, South Carolina, for Appel-
lees.

---

**OPINION**

WIDENER, Circuit Judge:

This case arises from alleged violations by the defendant, Republic
Mortgage Insurance Company, of the Fair Credit Reporting Act, 15
U.S.C. § 1681-1681t. Republic Mortgage filed a motion to compel
arbitration and dismiss the action or, in the alternative, stay the action
pending arbitration. The district court denied Republic's motion, find-
ing that Republic Mortgage, as a nonsignatory to the arbitration
agreement, could not enforce the agreement to arbitrate against the
plaintiffs, Kenisha and Greg Brantley. We affirm.

I.

In August 2003, the plaintiffs bought a home in Beaufort, SC.
Because they financed the entire cost of the home, their mortgage
lender, SouthStar Funding, L.L.C., required them to obtain private
mortgage insurance. The plaintiffs obtained mortgage insurance from
Republic Mortgage, and their mortgage insurance premium was set at
$590.43 per month.[1]

The Brantleys contend that Republic Mortgage did not give them

---

[1]Mortgage insurance obligates the insurer to underwrite the risk of
default associated with the loan of the borrower, in this case the Brant-
leys. There is no contention in the case that the loan is in default.

the lowest premium available and that Republic Mortgage never informed them that their premium was increased based on information contained in their consumer credit reports. Further, the plaintiffs complain that Republic Mortgage never advised them of the consumer reporting agency from which it received the information, nor that they could obtain a copy of that report and dispute entries it contained under the Fair Credit Report Act (FCRA). The plaintiffs allege that when Republic Mortgage increased their insurance premium based on information in their credit report, it was required to provide them with an "adverse action notice" pursuant to the FCRA. 15 U.S.C. § 1681m. Finally, the plaintiffs allege that these actions constituted either willful, or negligent, or both, violations of the FCRA.

In connection with the mortgage loan transaction, the plaintiffs entered into a separate arbitration agreement with the mortgage lender, SouthStar, which provided

> Any claim, dispute, or controversy (whether in contract, tort, or otherwise) arising from or related to the loan evidenced by the Note shall be resolved, upon the election of either Borrower or Lender, by binding arbitration, and not by court action, except as provided under "Exclusions from Arbitration" below. Such claims which shall be arbitrated include, but are not limited to, all: statutory and regulatory claims; any claim, dispute or controversy that may arise out of or is based on the relationships which result from the Borrower's application to the broker or lender for the loan, the closing of the loan, or the servicing of the loan; or any dispute or controversy over the applicability or enforceability of this arbitration agreement or the entire agreement between Borrower and Broker or between Borrower and Lender (collectively "claim").

The agreement further provided that the agreement would apply "no matter by whom or against whom a claim is made."

The Brantleys filed this suit on March 15, 2004.[2] On September 22,

---

[2]The plaintiffs styled this action as a class action. The district court, however, has not ruled on class certification and only considered the allegations specific to the Brantleys in its order. Our review does not decide anything with respect to the claimed class action.

2004, Republic Mortgage, which had not signed the arbitration agreement, moved to compel arbitration and to dismiss or stay the plaintiff's action. The district court, on December 1, 2004, denied Republic Mortgage's motion to compel arbitration and dismiss or stay the action. This appeal by Republic Mortgage followed.

## II.

Republic Mortgage claims that the district court erred in denying its motion to compel arbitration and dismiss or stay the action. Specifically, it contends that, despite being a nonsignatory to the arbitration agreement, its insurance contract is so intertwined with the mortgage and arbitration contracts between the plaintiffs and SouthStar that it should receive the benefit of the arbitration agreement. Alternately, Republic Mortgage argues that it is a third-party beneficiary of the arbitration contract, and is thus entitled to enforce arbitration on those grounds.

The principal issue in this appeal is whether equitable estoppel allows Republic Mortgage to claim the benefit of the arbitration agreement between the plaintiffs and SouthStar.

District court decisions determining the scope of arbitration agreements are generally reviewed de novo since a review of orders compelling or refusing to compel arbitration is a matter of contract interpretation. *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001).

However, in cases such as the present one, the arbitration order does not rest on a term of the contract, rather upon the application of equitable estoppel. See *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 417-18 (4th Cir. 2000) (holding that a signatory to an arbitration agreement may be bound by a nonsignatory through the doctrine of equitable estoppel). We review such equitable estoppel decisions for abuse of discretion. See *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000).

The district court determined that Republic Mortgage could only estop the plaintiffs from avoiding arbitration if the case met the inter-

twined claims test. See *Long v. Silver*, 248 F.3d 309, 320-21 (4th Cir. 2001). The Eleventh Circuit has provided a clear statement of the intertwined claims test, which we apply here:

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must "rely on the terms of the written agreement in asserting [its] claims" against the nonsignatory. When each of a signatory's claims against a nonsignatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "arise[ ] out of and relate[ ] directly to the [written] agreement," and arbitration is appropriate. Second, "application of equitable estoppel is warranted . . . when the signatory [to the contract containing the arbitration clause] raises allegations of . . . substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." Otherwise, "the arbitration proceedings [between the two signatories] would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (citations omitted).

In the present case, as the district court correctly concluded, Republic Mortgage can satisfy neither of these requirements.

The lawsuit in the current case deals with Republic Mortgage's insurance premiums, and an allegation that these premiums were increased due to information contained in the plaintiffs' credit histories. This claim is a statutory remedy under the Fair Credit Reporting Act and is wholly separate from any action or remedy for breach of the underlying mortgage contract that is governed by the arbitration agreement. Although the mortgage insurance relates to the mortgage debt, the premiums of the mortgage insurance are separate and wholly independent from the mortgage agreement. The district court correctly found that the mere existence of a loan transaction requiring plaintiffs to obtain mortgage insurance cannot be the basis for finding

their federal statutory claims, which are wholly unrelated to the underlying mortgage agreement, to be intertwined with that contract.

Likewise, the plaintiffs' claim does not raise allegations of collusion or misconduct by SouthStar necessary to satisfy the second means of obtaining equitable estoppel. Instead, the plaintiffs' claim is based entirely on actions taken by Republic Mortgage, a nonsignatory to the arbitration agreement. The plaintiffs' claims against Republic Mortgage do not implicate SouthStar in any wrongdoing.

Thus, the district court correctly concluded that the plaintiffs "never attempt[ed] to rely on the contract to establish their claims, nor [did] they allege concerted action between Republic and SouthStar." Because this conclusion is appropriately drawn from the facts presented to the district court, we affirm the district court's decision that the Brantleys are not equitably estopped from denying a contractual obligation to arbitrate with the non-party (Republic Mortgage) to the arbitration agreement.

### III.

Republic Mortgage also argues that it is entitled to enforce the arbitration agreement as a third-party beneficiary of the arbitration contract. We reject this argument. As this court has held, "[i]n order to determine whether the parties intended [a nonsignatory] to be a third party beneficiary, we must look within 'the four corners of the deed.'" *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 164 (4th Cir. 2004) (citing *Gardner v. Mozingo*, 358 S.E.2d 390, 392 (S.C. 1987)). We do not differentiate between a deed and the underlying contract here.

Examining this, the district court observed that "the underlying contract makes no reference to Republic, nor does it mention the mortgage insurance transaction . . . . Republic is not entitled to third-party beneficiary status because 'the language of the [contract] does not clearly indicate that, at the time of contracting, the parties intended to provide [Republic] with a direct benefit.'" (quoting *Griffin*, 384 F.3d at 165).

We are of opinion the district court correctly decided under *Griffin* that Republic was not entitled to arbitration as a third-party beneficiary.

The judgment of the district court is accordingly

*AFFIRMED*.