**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 07-1582**

————————

HERBERT KIRSH; KEVIN KIRSH; PHILLIP D. GRANT;
MICHAEL E. PARRISH; BILLY E. HENSLEY; SUE R.
ROGERS; CHARLES H. BURRIS; WILLIAM C. MOORE;
BETTY RUSSELL; WANDA LANEY; JOANNE M. JORDAN;
DEAN E. CURTIS; EVERETT E. DEMBY; NORMAN
MONSKA; DAVID D. PRUITT, d/b/a Grits N
Groceries, and others similarly situated,

                                    Plaintiffs - Appellants,

          versus


FINOVA GROUP, INCORPORATED; FINOVA CAPITAL
CORPORATION; LEUCADIA NATIONAL CORPORATION;
BERKADIA, LLC; BERKADIA MANAGEMENT; BERKADIA
EQUITY HOLDINGS; BERKADIA II,

                                    Defendants - Appellees.

————————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  G. Ross Anderson, Jr., District
Judge.  (0:07-cv-00371-GRA)

————————

Submitted:  December 3, 2007      Decided:  December 20, 2007

————————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Richard R. Gleissner, FINKEL, ALTMAN & BAILEY, LLC, Columbia, South
Carolina, for Appellants.  Daniel P. Shapiro, Andrew R. Cardonick,
Steven A. Levy, GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.,
Chicago, Illinois; Wallace K. Lightsey, Matthew T. Richardson,

WYCHE BURGESS FREEMAN & PARHAM, P.A., Greenville, South Carolina; Terry E. Richardson, Jr., James L. Ward, Jr., RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC, Mount Pleasant, South Carolina, for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Kirsh and co-appellants (collectively "Kirsh") appeal the district court's order granting The Finova Group, Inc., and co-appellees' (collectively "Finova Group") motion to compel arbitration and dismissing the complaint.[*]

Kirsh's complaint alleged numerous claims arising from the allegedly fraudulent sale of Senior Subordinated Term Notes ("the Notes") from Thaxton Life Partners, Inc., ("TLP") to Kirsh. Although Finova Group was not a party to the sale, Kirsh alleged Finova Group was "unjustly enriched by manipulating [TLP] and related companies to sell subordinated notes to unsuspecting individuals who were then swindled out of their investments." The subscription agreement governing the Notes contained the following arbitration provision:

> <u>Arbitration</u>. Subscriber hereby agrees that any dispute, controversy or claim arising out of or in connection with, or relating to, any subscription of the Note, or any breach or alleged breach hereof, including allegations of violations of federal or state securities law, shall upon the request of any party involved, be submitted to, and settled by, arbitration . . . .

The district court relied on our decision in <u>American Bankers Insurance Group, Inc. v. Long</u>, 453 F.3d 623 (4th Cir. 2006), to hold Kirsh was equitably estopped from contending the arbitration provision did not apply to the complaint against Finova

---

[*]We have jurisdiction over this final order pursuant to 28 U.S.C. § 1291 (2000).

Group.  In Long, the court examined the identical arbitration provision and determined it required those plaintiffs to arbitrate their similar claims against another third party who was allegedly complicit to TLP's sale of securities.  Therefore, for the same reasons explained in Long, the district court granted Finova Group's motion to compel arbitration and dismissed the complaint.

The Federal Arbitration Act, set forth in 9 U.S.C. §§ 2 et seq. (2000), requires courts to compel arbitration when there is a dispute between the parties and a written agreement that provides for arbitration to resolve that dispute.  Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002).  A third party can invoke the principle of equitable estoppel to compel a signatory to an arbitration clause to arbitrate claims against the third party when "each of [the] signatory's claims against [the] nonsignatory makes reference to or presumes the existence of the written agreement, [such that] the signatory's claims arise out of and relate directly to the written agreement" containing the arbitration provision.  Brantley v. Republic Mortgage Ins. Co., 424 F.3d 392, 395-96 (4th Cir. 2005).

Although the court generally reviews a district court's decision regarding whether to compel arbitration de novo, when the "district court's decision is based on principles of equitable estoppel, [the court] review[s] the district court's decision for abuse of discretion.  The district court abuses its discretion when

it commits an error of law or clearly errs in making a finding of fact." Long, 453 F.3d at 629.

In Long, the court reviewed the identical arbitration provision in another of TLP's security sales. The plaintiffs sued a third party to the sale for numerous claims related to the allegedly fraudulent sale, including securities fraud, civil conspiracy, unfair trade practices, and unjust enrichment. Id. at 625. The court held principles of equitable estoppel required arbitration of the claims. In so holding, we noted that "if TLP had never issued the [securities contract, the plaintiffs] would have no basis for recovery against [the third party]. Each of the [plaintiffs'] individual claims . . . are dependent upon their allegation that [the third party] breached a duty created "solely by [the securities contract], for without the alleged breach, [they] would have no cause to complain." Id. at 630. Accordingly, the court held "it would be inequitable to allow the [plaintiffs] to seek recovery on their individual claims and at the same time deny that [the third party] was a party to the Subscription Agreement's arbitration clause." Id. at 630.

We find the district court did not abuse its discretion in determining Kirsh's claims, like the claims raised in Long, were based on a breach of a duty created solely by the terms of the Notes, and that, consequently, Kirsh was required to pursue arbitration. Kirsh's arguments attempting to distinguish Long and

asserting changed circumstances since that decision are unpersuasive.

Accordingly, we affirm the order of the district court granting Finova Group's motion to compel arbitration and dismissing Kirsh's complaint. Furthermore, we deny Finova Group's motion to dismiss the appeal or to stay proceedings pending arbitration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED