**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Cole L. Lawson III and Cole L. Lawson IV, Appellants,

v.

Weldon T. Strahan a/k/a Weldon Travis Strahan a/k/a W. Travis Strahan, Individually and in his capacity as Personal Representative of the Estate of Ronald J. Strahan; Wilson Lee Mixon; Vivan M. McAlhaney, as Trustee of the McAlhaney Family Trust, Utd 9/20/2004; Vivian Mixon McAlhaney; David A. Shipes; Tony W. Alter Shipes; Helen S. Kinard a/k/a Helen Shipes Kinard; Wanda Shipes Casey a/k/a Wanda S. Casey a/k/a Wanda D. Casey; and Jacob F. Malphrus, Defendants

Of whom David A. Shipes; Tony W. Alter Shipes; Helen S. Kinard a/k/a Helen Shipes Kinard; Wanda Shipes Casey a/k/a Wanda S. Casey a/k/a Wanda D. Casey; and Jacob F. Malphrus are the Respondents.

Appellate Case No. 2011-194266

Appeal From Jasper County
Luke N. Brown Jr., Special Referee

Unpublished Opinion No. 2013-UP-170
Heard April 9, 2013 – Filed April 24, 2013

**AFFIRMED**

Desa Ballard and Harvey M. Watson III, both of Ballard Watson Weissenstein, of West Columbia, for Appellants.

Demetri K. Koutrakos and Mary Dameron Milliken, both of Callison Tighe & Robinson, L.L.C., of Columbia; and Kevin Angus Brown, of Anderson & Brown, L.L.C., of Hampton, for Respondents.

---

**PER CURIAM:**  This appeal arises out of an easement dispute.  On appeal, Appellants Cole L. Lawson III, and Cole L. Lawson IV, argue:  (1) the trial court erred by failing to recognize the Lawsons' express easement by reservation; (2) the Lawsons are entitled to an easement by necessity if not granted an easement appurtenant; and (3) the case should be remanded for further proceedings and reconsideration regarding the asserted affirmative and equitable defenses after the proper legal standard is applied to the easement.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); Rule 208(b)(1)(D), SCACR ("The brief shall be divided into as many parts as there are issues to be argued.  At the head of each part, the particular issue to be addressed shall be set forth in distinctive type, followed by discussion and citations of authority.  A party may also include a separate statement of facts relevant to the issues presented for review, with reference to the record on appeal, which may include contested matters and summarize the party's contentions."); *McClurg v. Deaton*, 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) (noting "an issue cannot be raised for the first time in a reply brief").  Alternatively, we affirm on the merits.  *See Crystal Pines Homeowners Ass'n, Inc. v. Phillips*, 394 S.C. 527, 537, 716 S.E.2d 682, 687 (Ct. App. 2011) ("The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a judge without a jury." (internal quotation marks omitted)); *Gardner v. Mozingo*, 293 S.C. 23, 25, 358 S.E.2d 390, 391-92 (1987) ("In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law."); *id.* at 25, 358 S.E.2d at 392 ("The intention of the grantor must be found within the four corners of the deed."); *Clemson Univ. v. First Provident Corp.*, 260 S.C. 640, 652,

197 S.E.2d 914, 920 (1973) (noting the necessity element of an easement by necessity must exist at the time of the severance and a grantee claiming the right to an easement may not "so change the uses of land as to convert a way of convenience into a way of necessity"); *Shia v. Pendergrass*, 222 S.C. 342, 351, 72 S.E.2d 699, 703 (1952) (noting the absence of a terminus on property is fatal to a claim of an appurtenant easement); *Forest Land Co. v. Black*, 216 S.C. 255, 262, 57 S.E.2d 420, 424 (1950) (noting that a deed restriction will not be "enlarged or extended by construction or implication beyond the clear meaning of its terms").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**