**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Retreat at Edisto Co-owners Association, Inc., Gerald Bachelor, Lisa Bachelor, James Currell, Rose Marie Currell, Jervey McKelvey, Barry Smith, Joseph Zuyus, and Emily Zuyus, Plaintiffs,

Of whom The Retreat at Edisto Co-owners Association, Inc., Gerald Bachelor, Lisa Bachelor, James Currell, Rose Marie Currell, Jervey McKelvey, and Barry Smith are the Respondents,

v.

The Retreat at Edisto, LLC, W. Mark Steedley, individually, Terry Hoff d/b/a Terry Hoff Construction, Handcrafted Homes, LLC, G & S Supply Co., Georgia-Pacific Building Products, LLC, Georgia-Pacific Wood Products, LLC, General PreCast Manufacturing Co., Inc., Banks Construction Co., Stroble Site Services, LLC, Eugene H. Brislin, P.E., James J. Barlow Engineering, P.C., PFS Corporation, James Glenn, Wayne Reeves, and Mike Miller, Defendants,

Of whom The Retreat at Edisto, LLC is the Appellant.

And

G & S Supply Co., Inc., Third-Party Plaintiff,

v.

James Pritchard d/b/a Low Country Exteriors and Edson

A. Barros d/b/a Sunshine Vinyl Siding, Third-Party Defendants.

Appellate Case No. 2013-001642

Appeal From Colleton County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2015-UP-211
Heard January 15, 2015 – Filed April 22, 2015

**AFFIRMED**

David K. Haller, of Haller Law Firm, of Charleston, for Appellant.

Walter Henry Bundy, Jr. and Michael Brent McDonald, both of Smith Bundy Bybee & Barnett, P.C., of Mount Pleasant, for Respondents.

**PER CURIAM:**  The Retreat at Edisto, LLC (Developer) appeals the circuit court's order finding it had no legal property interest or right to develop The Retreat at Edisto Horizontal Property Regime (the Retreat).  Developer argues the circuit court erred in: (1) allowing an expert witness to testify about real estate law, and (2) finding it lost the right to develop Phase II of the Retreat when it failed to satisfy conditions precedent to its option contract and failed to file a writing stating its intent to comply with the option.  We affirm.

1.  As to whether the circuit court erred in allowing an expert witness to testify about real estate law: *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 343, 479 S.E.2d 67, 75 (Ct. App. 1996) ("As a general rule, an issue may not be raised for the first time on appeal."); *id.* at 344, 479 S.E.2d at 75 ("To preserve an issue regarding the admissibility of evidence, a contemporaneous objection must be

made."); *id.* ("Failure to object when the evidence is offered constitutes a waiver of the right to have the issue considered on appeal.").

2.  As to whether the circuit court erred in finding Developer lost its right to develop Phase II of the Retreat: *Reyhani v. Stone Creek Cove Condo. II Horizontal Prop. Regime*, 329 S.C. 206, 209, 494 S.E.2d 465, 467 (Ct. App. 1997) ("Actions for declaratory judgment are neither legal nor equitable; instead, the nature of the action depends on the underlying issues."); *id.* ("The interpretation of a deed is an equitable matter; therefore, this court reviews the evidence to determine the facts in accordance with our view of the preponderance of the evidence."); *Windham v. Riddle*, 381 S.C. 192, 201, 672 S.E.2d 578, 582-83 (2009) ("In construing a deed, the intention of the grantor must be ascertained and effectuated, unless that intention contravenes some well settled rule of law or public policy." (citation and internal quotation marks omitted)); *Gardner v. Mozingo*, 293 S.C. 23, 25, 358 S.E.2d 390, 391-92 (1987) ("In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law.  The intention of the grantor must be found within the four corners of the deed." (citation omitted)); *S.C. Dep't of Natural Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 303 (2001) (stating that once a contract is determined to be ambiguous, "[t]he determination of the parties' intent is then a question of fact"); *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 309, 698 S.E.2d 773, 778 (2010) ("[E]ven if the language creates an ambiguity, a court will construe any doubts and ambiguities in an agreement against the drafter of the agreement."); *Heritage Fed. Sav. & Loan Ass'n v. Eagle Lake & Golf Condos.*, 318 S.C. 535, 542, 458 S.E.2d 561, 565 (Ct. App. 1995) (stating this court was required to construe the provisions of a master deed's amendment against the developer who drafted it).[1]

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] To the extent this opinion declines to address certain arguments advanced by Developer concerning this issue, we note this court may affirm on any ground appearing in the record.  Rule 220(c), SCACR.