**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Willis Gardner, Appellant,

v.

Taylor Reuben Adams, Respondent.

Appellate Case No. 2018-001635

———————

Appeal From Beaufort County
Perry M. Buckner, III, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-185
Heard April 6, 2021 – Filed April 27, 2022

———————

**REVERSED IN PART, VACATED IN PART,
AND REMANDED**

———————

Bryan Andrew Raymond, of Mount Pleasant, for
Appellant.

Terry A. Finger, of Finger, Melnick, Brooks & LaBruce,
P.A., of Hilton Head Island, for Respondent.

———————

**PER CURIAM:** Charles Willis Gardner appeals the circuit court's order granting partial summary judgment to Taylor Reuben Adams, specifically the findings vesting Adams with title to a road and boat ramp of disputed ownership. Gardner argues the circuit court's judgment must be reversed because (1) Adams failed to

show he was the successor in interest to John Howard's property (the Howard Property); (2) a 1990 quiet title order in a dispute between prior property owners did not confer title in the road and boat ramp to Adams;[1] and (3) questions of material fact exist as to ownership of the road and boat ramp and as to the location of property lines impacted by the circuit court's findings. We reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.

## Facts and Procedural History

On October 12, 2017, Gardner filed an action for trespass, conversion, and "declaratory & injunctive relief" in an effort to restrain Adams from entering his property. Gardner did not specifically describe his own property but noted Adams "recently purchased property located on Warsaw Island Road in proximity to" Gardner's property on Warsaw Island Road, where he has owned property "in excess of twenty (20) years." Warsaw Island Road is just past Frogmore on St. Helena Island in Beaufort County.

In his answer, Adams agreed he purchased property near Gardner's but asserted he owned the property from which Gardner sought to restrain him as evidenced by the decree in a 1989 quiet title action, his deed to the Howard Property, the chain of title, and the plats of record. Adams also raised counterclaims asserting Gardner had engaged in "a consistent pattern of trespass and harassment" and claimed Gardner's action violated the South Carolina Frivolous Civil Proceedings Sanctions Act.[2] Gardner replied, denying the allegations of Adams's counterclaims.

In a motion for partial summary judgment, Adams asserted a 1990 quiet title order[3] vested his predecessor in title (Howard) to "the 30 foot road and property to the south of the 30 foot road." Adams asked that the circuit court "confirm title to the road and the subject property" to him, restrain Gardner from further trespasses, and hold a hearing to establish Adams's damages.

---

[1] The boat ramp appears to be an extension of the road. Neither Gardner's complaint, Adams's answer and counterclaims, nor Gardner's reply reference the boat ramp.

[2] S.C. Code Ann. §§ 15-36-10, -100 (Supp. 2021).

[3] Master-in-Equity Thomas Kemmerlin, Jr. signed the order titled "Decree of Title Clearance" on November 20, 1990.

The circuit court held a brief hearing on Adams's motion. Although Adams did not provide a deed from Howard or Howard's successors to the circuit court, he presented Judge Kemmerlin's 1990 title decree and argued it cleared title in favor of Howard as to the property at issue under a "save and except" clause. The 1990 "Decree of Title Clearance" states at page 11:

> (3) That the Plaintiff [Leroy Gardner, Sr.], by virtue of having acquired all of the interest of the heirs of Ardelle S. Gardner, owns all of Lot 15, Section 12, 1S1W, Warsaw Island, St. Helena Township, Beaufort County, South Carolina, more particularly described on that plat prepared for Ardelle S. Gardner by Rod C. Spann dated November 11, 1976, and recorded in Plat Book 28 at Page 21, *save and excepting, however, the 1.054 acre portion of Lot 15 situate immediately below (southeast) the unpaved Beaufort County road running in a generally southwest to northeast direction,* said portion of Lot 15 being more particularly shown on a plat prepared by Niels Christensen, IV dated June 5, 1990, attached hereto and incorporated as a part hereof, said piece of Lot 15 being owned by the Defendant John Howard; and further save and excepting the portion of Lot 15 which consists of a triangle situate immediately below (southwest) *the unpaved county road running in a generally southeast to northwest direction* and shown on the 1989 Beaufort County Tax Maps as Parcel 5A, Map 9, District 300, the ownership of said triangular tract being unknown. This is the same property described in the deed of Lot 15, Section 12, 1S1W, Warsaw Island, St. Helena Township, Beaufort County, South Carolina from Dan Taylor to Ardelle S. Gardner, dated October 22, 1976, and recorded in the Office of the Clerk of Court for Beaufort County, South Carolina in Deed Book 241 at page 1637, *except as to the parcel southeast of the unpaved county road (which belongs to John Howard)* and the triangular parcel southwest of the unpaved county road, the ownership of which is unknown, reflected in the survey for Ardelle S. Gardner prepared by Rod C. Spann dated November 11, 1976, and recorded in Plat Book 28 at Page 21. The 1.054 acre piece of Lot 15 shown on the

plat for John Howard (attached hereto) was acquired by John Howard from Dan Taylor by way of deed dated July 24, 1960, and recorded in Deed Book 102 at Page 270. The Plaintiff is the only individual who could possibly contest John Howard's ownership of this 1.054 acre tract, and he has stipulated that John Howard owns this parcel in fee simple. *The unpaved county road separates the respective portions of Lot 15 owned by the Plaintiff and John Howard.*

(emphases added).[4] In the summation of the 1990 order, Judge Kemmerlin quieted title of certain acreage to Leroy Gardner, Sr., including an 8.91 acre Warsaw Island Road tract (Tract C),

SAVE AND EXCEPT: The thirty (30) foot dirt road running in a generally southwest to northeast direction across Lot 15 and that 1.054 acre portion of Lot 15 immediately below (southeast) the thirty (30) foot dirt road, is owned by Defendant, John Howard; and the parcel constituting a triangle immediately below (northeast) the twenty (20) foot dirt road, the ownership of which is unknown, as reflected in the plat prepared by Rod C. Spann for Ardelle S. Gardner, just referenced.

Adams claimed ownership through the John Howard chain of title due to his purchase of the Howard Property at a tax sale. Adams provided the circuit court with a deed from Leroy Gardner, Sr. to the current plaintiff, Charles Gardner, that included a "save and except" clause identical to that referenced in the "Tract C" discussion at pages 11-12 of Judge Kemmerlin's 1990 quiet title order. The Gardner deed's clause referencing Tract C excepted "[t]he thirty (30) foot dirt road running in a generally southwest to northeast direction across Lot 15 and that 1.054 acre portion of Lot 15 immediately below (southeast) the thirty (30) foot dirt road, owned by John Howard" and the triangular portion of unknown ownership. Adams also provided a 1995 plat reflecting the "boat ramp owned and claimed by Leroy Gardner." This 1995 plat contains a notation of a "line shown to me [the surveyor] by Leroy Gardner." A 2013 plat bears the same language, "boat ramp owned and claimed by Leroy Gardner."

---

[4] Certain plats and deeds referenced in Judge Kemmerlin's order were not provided to the circuit court and have not been included in the record on appeal.

In response, Gardner asserted Adams had presented no deed to establish he held title to either the Howard property or the disputed area; Gardner then attempted to discuss Judge Kemmerlin's 1990 order.  The circuit court interjected with questions, asked the parties to clarify the areas they were referencing on the plat, and held an off the record bench conference.  When back on the record, the circuit court noted the parties "have designated on my plat the approximate location of the road, which is the road that is in issue."  Thereafter, Adams referenced and presented a 2017 plat, asserting it "specifically shows the road if that will help the Court."  The circuit court responded "All right.  I think it shows it very clearly if this is the shaded portion of the plat."

The 2017 plat, prepared for Adams, bears the language "Problem Plat See Assessor" and includes lines pointing to a road with the statement, "area being claimed by Reuben Adams as per judgment roll."  The 2017 plat also shows the "boat ramp"; however, other language on this section of the plat is indiscernible.  At the hearing, Gardner noted Adams provided no attachments to support his motion, to which the circuit court responded it could "take attachments [because] it is a Motion for Summary Judgment."  The circuit court then requested proposed orders and concluded the hearing.

In its order granting Adams partial summary judgment, the circuit court found Adams, as Howard's successor in interest, owned the "thirty foot road, the boat ramp at the eastern end of the thirty foot road, and the property to the south of the road."  The circuit court dismissed Gardner's causes of action for trespass, conversion, and injunctive relief "by virtue of the fact the property in question is owned in fee simple" by Adams.  The circuit court allowed Adams's counterclaims to proceed and left a 2018 consent restraining order in place.

Gardner filed a motion to reconsider in which he asserted Adams did not establish ownership of the Howard Property, the boat ramp, or the road.  Gardner argued the 1995 plat showed Leroy Gardner, Sr. owned and claimed the road and boat ramp, which conflicted with the boat ramp statement in the 2017 "Problem Plat" relied on by the circuit court.  Gardner further noted Adams presented no evidence to support the circuit court's finding that Adams owned the road and boat ramp and Judge Kemmerlin's quiet title decree provided Howard and his successors no ownership interest in the road or ramp.  Gardner claimed, "The Quiet Title Order indicates that Beaufort County is the rightful owner of the Road, not John Howard or his successors."  The circuit court denied Gardner's motion to reconsider.

**Standard of Review**

"In reviewing a motion for summary judgment, the appellate court applies the same standard of review as the trial court under Rule 56(c), SCRCP." *Companion Prop. & Cas. Ins. Co. v. Airborne Exp., Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006). "Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* The nonmoving party "is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).

**Law and Analysis**

**I. Successor in Interest**

Gardner argues the circuit court erred in granting partial summary judgment because Adams failed to show he was the successor in interest to the Howard Property or the disputed road and boat ramp. Gardner contends Adams's failure to prove his title to the Howard Property "leaves an ambiguity" as to the ownership and the property's measurements. We agree that the circuit court's order is unsupported by the record.

As an initial matter, Adams raises issue preservation as a bar to reversal because Gardner "did not make any objection or contest the assertion that [he] was in the chain of title." *See generally Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *id.* ("Moreover, an objection must be sufficiently specific to inform the trial court of the point being urged by the objector."). However, we note Gardner's argument during the summary judgment hearing was essentially that Adams had not established title—either through Adams's own deed or in opposition to the "save and except" clause in the 1990 order. Despite this, the circuit court found Adams was the successor in interest to the Howard Property. In his motion to reconsider, Gardner more specifically asserted that the circuit court erred in determining Adams owned the Howard Property, including the road and boat ramp. Gardner discussed the prior quiet title order and its implications for Howard's ownership of the road and again stated no document established Adams owned the road and boat ramp. We find Gardner's challenge of the circuit court's conclusion that Adams owned the Howard property is preserved because Gardner attempted to bring the proof issue to the attention of the circuit court before the court essentially cut off the argument with interjected questioning. *See Elam v.*

*S.C. Dep't of Transp.*, 361 S.C. 9, 25, 602 S.E.2d 772, 780 (2004) ("[C]ivil procedure and appellate rules should not be written or interpreted to create a trap for the unwary lawyer or party . . . .").

On the merits, we agree with Gardner that Adams failed to establish he was in fact the owner of the Howard Property or the road and boat ramp. The only items in the record supporting Adams's assertion of ownership are counsel's statements at the summary judgment hearing, the "Problem Plat," and pleadings asserting Adams recently purchased property located on Warsaw Island Road in proximity to Gardner's property. This did not provide the proof necessary to support the circuit court's findings of ownership. *See Ex parte Morris*, 367 S.C. 56, 64, 624 S.E.2d 649, 653 (2006) ("It is well established that counsel's statements regarding the facts of a case and counsel's arguments are not admissible evidence."); *see also Gilmore v. Ivey*, 290 S.C. 53, 58, 348 S.E.2d 180, 183 (Ct. App. 1986) (explaining statements of fact can constitute an admission in determining whether a genuine issue of material fact exists, but "factual statements of counsel . . . ordinarily may not be so considered").

Even if this court could properly take judicial notice of Adams's title to the undisputed portions of the Howard Property, the questions of ownership and access to the road and boat ramp would remain due to the parties' conflicting interpretations of the language in the 1990 decree. "For a fact to be subject to judicial notice, it must be so notorious that the court may properly assume its existence without proof." *Masters v. Rodgers Dev. Grp.*, 283 S.C. 251, 255, 321 S.E.2d 194, 196 (Ct. App. 1984). "Unless the fact is either of such common or general knowledge that it is accepted by the public without qualification or contention, or its accuracy is capable of verification by reference to readily available sources of indisputable reliability, it is not subject to judicial notice." *Id.*

In *Masters*, this court held that "original judicial notice of adjudicative facts at the appellate level should be limited to matters which are indisputable." *Id.* at 256, 321 S.E.2d at 197. Thus, the court declined to take judicial notice of a deed that had been recorded to determine whether the property at issue was paid for with valuable consideration. *Id.* at 255–57, 321 S.E.2d at 196–97. In any event, both Adams's interpretation of the 1990 decree and the conflicting plats in the record demonstrate that a factual dispute persists as to the road and boat ramp.

## II. Property at Issue: The Road and Boat Ramp

Only if the summation portion of the 1990 "Decree of Title Clearance" is read in isolation and in the light most favorable to the *moving* party can an argument be found in the record to support the circuit court's conclusion that Adams owns the road and boat ramp. This is not the lens through which we view a grant of summary judgment. *See S.C. Pub. Int. Found. v. S.C. Dep't of Transp.*, 421 S.C. 110, 117, 804 S.E.2d 854, 858 (2017) (noting an appellate court "reviews all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below").

"It is a question of law for the court whether the language of a contract is ambiguous." *Bluestein v. Town of Sullivan's Island*, 429 S.C. 458, 462, 839 S.E.2d 879, 881 (2020) (quoting *S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302–03 (2001)). "A [deed] is ambiguous when the terms of the [deed] are reasonably susceptible of more than one interpretation." *Id.* (alterations in original) (quoting *McClellanville*, 345 S.C. at 623, 550 S.E.2d at 302)). "In construing a deed, the intention of the grantor must be ascertained and effectuated unless that intention contravenes some well-settled rule of law or public policy." *Gardner v. Mozingo*, 293 S.C. 23, 25, 358 S.E.2d 390, 391 (1987). "In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law." *Id.* at 25, 358 S.E.2d at 391–92. "The intention of the grantor must be found within the four corners of the deed." *Id.* at 25, 358 S.E.2d at 392.

In the body of the 1990 quiet title order, the master described Leroy Gardner, Sr.'s property and then included the following "save and except" language: "the 1.054 acre portion of Lot 15 situate immediately below (southeast) the unpaved Beaufort County road running in a generally southwest to northeast direction, said portion of Lot 15 being . . . owned by the Defendant John Howard." Later in the same paragraph, the order again referenced that Howard owned the property to the southeast of the unpaved county road. Thereafter, in the summation of the order, the court excepted the "thirty (30) foot dirt road running in a generally southwest to northeast direction across Lot 15 *and* that 1.054 acre portion of Lot 15 immediately below (southeast) the thirty (30) foot dirt road, is owned by Defendant, John Howard." (emphasis added). While the "is" that is handwritten in the summation could arguably be interpreted to conflict with the description of Tract C provided in greater detail earlier in the decree at pages 11-12, no interpretation of Judge Kemmerlin's decree supports the circuit court's conclusion that Adams owns the road and boat ramp.

The deed from Leroy Gardner, Sr. to appellant Gardner did not grant Gardner the road, as it excepted "[t]he thirty (30) foot dirt road running in a generally southwest to northeast direction across Lot 15 and that 1.054 acre portion of Lot 15 immediately below (southeast) the thirty (30) foot dirt road, owned by John Howard."  Clearly, Mr. Gardner, Sr. had no power to deed ownership of the unpaved county road.  But this in no way places title to the road in Adams (through Howard).  Nor does a review of the submitted materials support the circuit court's conclusion that title to the road had been quieted in Howard.

A reasonable interpretation of the master-in-equity's 1990 order is that the "unpaved county road," "unpaved Beaufort County road," and "thirty (30) foot dirt road" are all the same road.  Neither Leroy Gardner, Sr. nor John Howard owned the road; thus, neither Charles Gardner nor Adams (through his position in the Howard Property's chain of title) owns it now.  The 1995 and 2013 plats indicate Leroy Gardner, Sr. claimed ownership of the boat ramp, and the issue of the boat ramp is not explicitly raised in the pleadings.  As the record does not support the circuit court's findings that the Howard Property included the road or boat ramp, or that Adams now owns both, we vacate these findings.[5]

**Conclusion**

We reverse the grant of partial summary judgment, vacate the circuit court's findings as to ownership of the road and boat ramp, and remand for further proceedings consistent with this opinion.

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[5] Gardner conceded at oral argument that no action for conversion lies here and that he has no cause of action for trespass upon property he does not own (i.e., the road).  Likewise, Adams has no action for trespass upon property he does not own.